**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EMMANUEL BAXTER,

    Petitioner - Appellant,

v.

JUSTIN JONES, Director,

    Respondent - Appellee.

No. 12-5187
(D.C. No. 4:09-CV-00431-TCK-TLW)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

  This matter is before the court on Emmanuel Baxter's pro se request for a certificate of appealability ("COA"). Baxter seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). Because Baxter has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

  A jury convicted Baxter in Oklahoma state court on a charge of Shooting with Intent to Kill. The jury further concluded Baxter had committed the crime after previously being convicted of two or more felonies. Pursuant to the jury's

recommendation, the state trial court sentenced Baxter to life imprisonment. Baxter's conviction was affirmed on direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). *Baxter v. State*, No. F-2006-686, slip. op. at 3 (Okla. Crim. App. Jan. 9, 2008). The OCCA affirmed the denial of Baxter's state petition for post-conviction relief. *Baxter v. State*, No. PC-2008-677, slip. op. at 3 (Okla. Crim. App. Oct. 22, 2008). Baxter then filed the instant § 2254 petition in federal district court, raising six grounds for relief. In a comprehensive order, the district court analyzed each claim set out in Baxter's § 2254 petition and concluded Baxter was not entitled to habeas relief.

The granting of a COA is a jurisdictional prerequisite to Baxter's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Baxter must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether he has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Baxter need not demonstrate his appeal will succeed

to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Baxter's appellate filings, the district court's comprehensive order, and the entire record before this court, we conclude Baxter is not entitled to a COA. In so concluding, this court has nothing to add to the district court's comprehensive order. Accordingly, this court **DENIES** Baxter's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge